## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMANDA J. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 07-1007-JTM** |
| ) | |
| **WAL-MART, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ——————————————————————) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on plaintiff's motion to compel (Doc. 29).  For the reasons set forth below, plaintiff's motion shall be GRANTED IN PART and DENIED IN PART.

## Background

This lawsuit stems from Wal-Mart's termination of plaintiff's employment.  Highly summarized, plaintiff alleges that she was wrongfully terminated after filing a claim for workers compensation benefits.  She also contends that her termination was part of a "pattern or practice" of unlawful retaliation against employees who reported on-the-job accidents and/or requested workers compensation benefits.  Defendants deny that plaintiff's alleged injury was work related and contend she was fired for "falsely and fraudulently" reporting

a workplace injury.

## Motion to Compel

Plaintiff moves to compel complete answers and responses to 5 interrogatories and 13 requests for production.[1]  The individual discovery requests and the parties' arguments are discussed in greater detail below.[2]

## 1. Interrogatory No. 1

Interrogatory No. 1 requests the name, address, and title of each person providing information used to answer the interrogatories and accompanying requests for production. Plaintiff also requests that defendants list (1) the specific interrogatories or production requests for which the identified persons provided information and (2) the nature of the information provided.  Defendants answered by stating that the interrogatory answers were prepared by in-house and outside counsel.

Plaintiff moves to compel, arguing that defendants have not fully answered the interrogatory.  Defendants counter that their answer is complete and accurate because "the

---

[1]

By e-mail dated November 6, 2007, plaintiff withdraws her motion to compel Interrogatory Nos. 2 and 12 and Production Request Nos. 6, 7, 10, 16, 21, 22, 26, 27, 44, and 45.  The discovery requests remaining in dispute are Interrogatory Nos. 1, 5, 10, 11, and 16 and Production Request Nos. 4, 8, 18-20, 23-25, 31-33, and 39-41.

[2]

Plaintiff did not file a reply brief challenging defendants' arguments and assertions.  In the absence of a reply brief, the court has accepted defendants' representations concerning the status of document production.

answers were prepared, as stated in defendants' response, by defendants' counsel of record and defendants' in-house counsel."  Doc. 40, p. 7.  However, plaintiff did not merely ask "who **answered** the interrogatories."  Rather, plaintiff asked **"who provided information used"** to answer the discovery requests.  Doc. 30, p. 2.[3]  Because defendants' answer is incomplete, plaintiff's motion to compel a complete answer to Interrogatory No. 1 shall be **GRANTED.**  Defendants shall provide full and complete answers to Interrogatory No. 1.

**2. Interrogatory No. 5**

Interrogatory No. 5 asks for information concerning plaintiff's compensation, including fringe benefits.  Plaintiff also requested information on any changes in compensation rates and fringe benefits after her termination.  Defendants objected to the interrogatory but provided a report of plaintiff's earnings history.  However, defendants refuse to provide information concerning any increases in wages and benefits after termination, arguing that post-termination information is irrelevant.

Plaintiff argues that post-termination wage and benefit increases to "similarly situated" employees are relevant to plaintiff's claim for lost wages.  The court agrees.  If the hourly rate of pay and fringe benefits increased after plaintiff's termination,

---

[3]   Defendants' answers to other interrogatories and responses to production requests include a wide variety of information concerning such matters as pay scales, employment histories, and surveillance equipment.  Defendants do not suggest that an in-house attorney creates and maintains such records in the ordinary course of business.  Common sense suggests that other persons employed by defendants provided the information which was **used** to answer the interrogatories and production requests.

plaintiff is entitled to know about those increases for purposes of calculating her damages. Accordingly, plaintiff's motion to compel a more complete response to Interrogatory No. 5 is **GRANTED**.[4]

**3. Interrogatory No. 10**

Interrogatory No. 10 asks for a description of plaintiff's jobs and respective duties and for each position, a listing of "the highest, lowest, median and mean rate of change in the rates for such position ... based on performance, longevity, cost of living or otherwise for each year from 2001 through the present." Defendants objected that the request was overly broad and unduly burdensome because the request was not limited to the geographical area where plaintiff was employed and the information was equally available in the payroll records provided to plaintiff. Notwithstanding these objections, defendants provided a

_____

[4]

Defendants interpret the interrogatory as requesting the cost of the fringe benefits *to Wal-Mart* and object, arguing that such information is irrelevant. Although there is some language in the interrogatory concerning the cost *to Wal-Mart*, plaintiff has not argued for the production of that information in her motion to compel. Equally important, it is not immediately apparent how *Wal-Mart's costs* for fringe benefits are relevant to plaintiff's damage claim. To the extent "costs" are relevant, the appropriate measure is the cost *to plaintiff* to replace such fringe benefits. Accordingly, defendants need not provide information on the cost *to Wal-Mart* of plaintiff's fringe benefits when answering Interrogatory No. 5.

Defendant also argues that its has now produced (1) all documents describing the benefits to which plaintiff was entitled and (2) information explaining wage increases "post-termination." Because plaintiff did not file a reply brief, it is unclear whether any additional information is available.

detailed description of plaintiff's work history with Wal-Mart.

Plaintiff concedes that the documents produced contain "much of the requested information" but do not contain the pay scales, including highest, lowest, median and mean changes in wage scales at the particular Wal-Mart store in question during the applicable time period." Because this information is missing, plaintiff moves to compel.  Defendants counter that all available information concerning pay ranges has been provided and that there are seven position pay grades for hourly associates.   Defendants also argue that the documents show the criteria for and amount of wage increases and that plaintiff can easily calculate the maximum amount of wage increases for which she could have qualified had she remained employed.

The documents to which defendants refer have not been provided to the court for consideration; thus, the court is unable to confirm that plaintiff "can easily calculate" the amount of her damages.  Because defendants have not answered the interrogatory but merely referred to unidentified documents, the motion to compel shall be **GRANTED.**  Defendants' answer concerning "highest, lowest, median, and mean pay rates" shall be limited to the store where plaintiff was employed.[5]

**4. Interrogatory No. 11**

---

[5]

Counsel may confer and stipulate concerning the amount plaintiff could reasonably have earned if her employment with Wal-Mart had continued.  However, in the absence of an agreement, defendants must answer the interrogatory.

Interrogatory No. 11 asks defendants to identify each employee in the state of Kansas who reported a job injury resulting in lost work time or made a claim for workers compensation.  For each employee, plaintiff asks that defendants identify (1) the store where the injury occurred, (2) the nature of the benefit paid, (3) the cost to defendants, (4) whether the individual is still employed, and (5) if not employed, the date of the termination. Defendants objected to the request but provided a spreadsheet for "store # 3283."  Plaintiff moves to compel, raising two arguments: (1) the spreadsheet is neither complete nor accurate and (2) defendants have unilaterally limited the scope of discovery to a single store.

Defendants oppose the motion, arguing that plaintiff has no evidence that Wal-Mart has engaged in a "pattern or practice" of retaliating against employees who seek workers compensation benefits.  In support of their argument, defendants cite portions of plaintiff's deposition where she acknowledged that she has no information that Wal-Mart discourages or intimidates its employees from reporting on-the-job injuries.  Because plaintiff has no information to support her conclusory allegations of a pattern or practice, defendants argue that being required to search for information from all stores within the state of Kansas is unfairly burdensome. Defendants also argue that the spreadsheet for store # 3283 provides the requested information.

The court agrees that plaintiff has not justified her request to conduct discovery

concerning a "pattern or practice" beyond the store where she formerly worked.[6]
Accordingly, plaintiff's request for discovery concerning all stores in Kansas is rejected.
Moreover, the court is persuaded that defendants' production of a spreadsheet for store #
3283 is sufficient.  Accordingly, plaintiff's motion to compel a supplemental answer to
Interrogatory No. 11 shall be **DENIED.**

## 5. Interrogatory No. 16

Interrogatory No. 16 requests information on any payments made by defendants or
third parties for plaintiff's workers compensation benefits.  Defendants argue that this
information has now been produced and that the motion to compel is moot.  Plaintiff does
not challenge defendants' assertion that the motion is moot; therefore, plaintiff's motion to
compel Interrogatory No. 16 is **MOOT** and **DENIED.**

## 6. Production Request No. 4

Request No. 4 seeks workers compensation insurance policies, including all
endorsements or declarations, and documents reflecting the cost of insurance for the five
years proceeding plaintiff's termination.  Plaintiff moves to compel Request No. 4, arguing

---

[6]

Plaintiff filed no reply brief challenging defendants' assertion that she has no
factual evidence to support her conclusory allegations of a company-wide "pattern or
practice" of discouraging the filing of workers compensation claims or retaliation.  In the
absence of any factual basis for claiming a "pattern or practice," the court rejects
plaintiff's request for broad geographical discovery.

that such information is relevant to defendants' motive to terminate plaintiff and to retaliate against employees asserting workers compensation claims. Defendants object to plaintiff's request for corporate-wide discovery, arguing that the request is overly broad and unduly burdensome, particularly where plaintiff has no factual basis for asserting a pattern or practice of termination or retaliation related to workers compensation claims.

The court is not persuaded that plaintiff's request for corporate-wide discovery of insurance policies for a five year period is reasonable and "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, ... and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). Defendants operate world-wide and plaintiff has no factual basis for her request for such broad discovery. Accordingly, plaintiff's motion to compel Production Request No. 4 shall be **DENIED.**

**7. Production Request No. 8**

Request No. 8 seeks payroll records and related documents describing the compensation and fringe benefits paid to plaintiff. Plaintiff concedes that defendants have produced the requested payroll records and insurance plans but argues that defendants have not produced documents showing the cost of fringe benefits *to defendants*. Plaintiff moves to compel, arguing that the *cost to defendants* is necessary for plaintiff to "determine the value of plaintiff's total compensation package from defendants." Doc. 30, p. 14. Defendants oppose the motion to compel discovery concerning the *cost to defendants*,

arguing that the information is irrelevant and not readily available.

The motion to compel Request No. 8 shall be **DENIED.**  As discussed above in footnote 3, the "cost to defendants" is not the proper measure of plaintiff's damages; therefore, the requested information is irrelevant.

### 8. Production Request No. 18

Request No. 18 seeks any documents which relate to any fine, penalty, sanction, consent decree, or settlement as described in Interrogatory No. 12.  In response to the motion to compel, defendants argue that this request is similar to the information requested in Interrogatory No. 12 and object to the request.

Plaintiff voluntarily withdrew her motion to compel an answer to Interrogatory No. 12 after the briefs were submitted by the parties.  Because of the similarity between Interrogatory No. 12 and Production Request No. 18, it is unclear whether any controversy remains concerning Request No. 18.  Accordingly, the motion to compel Request No. 18 shall be **DENIED WITHOUT PREJUDICE,** subject to clarification by plaintiff.

### 9. Production Request No. 19

Request No. 19 seeks complaints, allegations, demands, lawsuits, or other documents concerning retaliation for requesting workers compensation benefits.  Defendants objected to the request and, after consultation, plaintiff agreed to accept a spreadsheet identifying retaliation lawsuits filed against defendants in Kansas.  Notwithstanding this production,

plaintiff seeks to compel defendants to produce all demand letters or other allegations of workers compensation retaliation in which the issues were resolved without filing suit. Defendants oppose the motion, arguing that plaintiff should be limited to information concerning "similarly situated persons" at the store where she was employed.[7]

In the absence of any factual evidence from plaintiff of a "pattern or practice," the court declines to order defendants to survey all of their stores in the state of Kansas to determine the existence of any additional documents reflecting that a claim of workers compensation retaliation was resolved before a lawsuit was filed. Accordingly, the motion to compel Production Request No. 19 shall be **DENIED.**

**10. Production Request No. 20**

Production Request No. 20 has been resolved except for plaintiff's request for manuals concerning defendants' (1) security videotape machine and/or (2) "multiplexer." Defendant disputes the relevance of such manuals. More importantly, defendants have been unable to locate such manuals but agree to produce the manuals if they are located. Because defendants have not located the manuals but agree to produce them if found, the motion to compel Production Request No. 20 is MOOT.

---

[7]

Defendants represent that there have been no claims, other than by plaintiff, alleging workers compensation retaliation by any current or former employee at store # 3283.

**11. Production Request Nos. 23-25**

Defendants argue that all documents responsive to Request Nos. 23-25 have been produced. Plaintiff does not dispute defendants' argument; thus, the motion to compel Request Nos. 23-25 shall be DENIED.

**12. Production Request No. 31**

Request No. 31 seeks any document showing the cost **to defendants per employee** of the fringe benefits provided to plaintiff.  As previously noted, the **"cost to defendants"** is not the proper measure of plaintiff's damages.  Accordingly, plaintiff's motion to compel Request No. 31 shall be **DENIED.**

**13. Production Request Nos. 32 & 33**

Request No. 32 seeks audits, retroactive assessments, premium bills, or other documents reflecting the cost to Wal-Mart for workers compensation coverage from 1998 through the present for defendants' Kansas facilities.  Request No. 33 seeks correspondence or documentation received from defendants' insurance broker/agent  concerning workers compensation coverage for facilities in Kansas from 1998 to the present.  Although similar to Production Request No. 4, Request Nos. 32 and 33 are limited in scope to Kansas facilities.  Plaintiff contends that the two discovery requests will help her determine whether insurance premiums have risen dramatically, giving defendants an incentive and/or motive to retaliate against employees who file workers compensation claims.

In light of the relatively narrow evidence plaintiff seeks to develop, the court agrees that Production Request Nos. 32 and 33 are overly broad and that the information may be obtained from some source (a Rule 30(b)(6) deposition) that is more convenient, less burdensome, and less expensive.  See Fed. Rule Civ. P. 26(b)(2)(C)(iii).  Accordingly, plaintiff's motion to compel Production Request Nos. 32 and 33 is **DENIED.**  However, plaintiff is granted leave to conduct a Rule 30(b)(6) deposition concerning the trend of workers compensation premiums for defendants' facilities in Kansas.

**14. Production Request Nos. 39 & 40**

Defendants contend that all documents responsive to Request Nos. 39 and 40 have been produced.  Plaintiff does not dispute defendants' argument; thus, the motion to compel Request Nos. 39 and 40 shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 29)** is **GRANTED IN PART and DENIED IN PART,** consistent with the rulings set forth herein. Defendants shall answer the interrogatories and provide the documents as set forth in this opinion on or before **December 3, 2007.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts

-12-

or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.   Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

     **IT IS SO ORDERED.**

     Dated at Wichita, Kansas this 14th  day of November 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge