IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA J. SMITH

        Plaintiff,

vs.                                                 Case No.  07-1007 JTM

Wal-Mart STORES, INC.,
and Wal-Mart ASSOCIATES, INC.,

        Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on defendant Wal-Mart Stores, Inc., and Wal-Mart Associates, Inc. (hereinafter "Wal-Mart") Motion for Summary Judgment (Dkt. No. 76) . Wal-Mart argues it is entitled to summary judgment since Amanda J. Smith, the plaintiff, has not established that Wal-Mart's proffered reason for terminating Smith's employment was a pretext for retaliation.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988).  The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985).  The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c). The party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Smith worked as a photo center associate for Wal-Mart and Leslie Tenney was Smith's immediate supervisor at all times relevant to this litigation. Mike Crowson managed the Wal-Mart and Jennie Shook was a photo center department manager during this time. At some point during her Wal-Mart employment, Smith told Tenney and Shook that on November 29, 2004, while in the security room, she tripped on some boxes and nearly fell. Smith said she caught herself with her right hand. At the time, she did not think she was hurt and she would be fine. After telling Tenney and Shook about the incident, Smith completed a written incident report, in which she noted that she tripped on gravity tube boxes that were on the floor and caught herself with her right arm. She further noted that she did not ask to see a Wal-Mart physician and had no pain at the time.

A few days later, on December 2, 2004, Smith told Tenney she was experiencing pain in her arm related to her tripping in the security room. She asked to see a Wal-Mart physician and Tenney drove her to the examination. Tenney told Crowson that Smith's claim of injury brought up a "red flag" because on November 29, 2004, Smith told Tenney she was experiencing pain in her arm from a prior injury. In her statement, Shook said that on November 29, 2004 around 7:15 a.m., Smith mentioned that her shoulder and arm were hurting and she could not lift. After reviewing the surveillance video of Smith in the security room (which did not show Smith falling or injuring herself), as well as Smith's incident report and the Tenney and Shook statements, Crowson concluded that Smith falsified her accident report. Tenney and other Wal-Mart employees also reviewed the surveillance video and concluded that it did not show Smith tripping or falling.

Under Wal-Mart policy, falsifying records is an act of "gross misconduct," subjecting an employee to immediate termination. Tenney concluded that Smith falsified her incident report, and recommended that Smith be fired. On December 17, 2004, Crowson terminated Smith's employment for falsifying the accident claim.

Although Smith testified at her deposition that she had no information suggesting Wal-Mart did not believe she falsified company records, Smith asserts that Wal-Mart terminated her employment in retaliation for reporting the job accident, filing a workers' compensation claim and pursuing her rights under the Kansas Workers Compensation Act. To establish a prima facie case of retaliatory discharge under Kansas law, Smith must show the following:

(1)  Smith filed a claim for workers' compensation benefits or sustained an injury for which she might assert a future claim for such benefits;

3

  (2)  Wal-Mart had knowledge of the compensation claim or the fact that Smith sustained a work related injury that Smith might file a future claim for such benefits;

  (3)  Wal-Mart terminated Smith's employment; and

  (4)  A casual connection exists between Smith's protected activity or injury and the termination.

*See Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1294 (10th Cir. 2002)

  Wal-Mart conceded for purposes of summary judgment that Smith established a prima facie claim of retaliation. (Dkt. No. 77 - page 7). The prima facie showing shifts the burden to Wal-Mart to provide "an articulate, non-retaliatory reason for the discharge." *Sanjuan*, 275 F.3d at 1294 (quoting *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1116 (10th Cir. 2001)). If Wal-Mart has such a reason to support the discharge, the burden shifts back to the plaintiff, who must show that the defendant's reason is pretexual. *Id.* A plaintiff can show pretext by pointing to "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). A plaintiff typically makes a showing of pretext in one of three ways: (1) evidence that defendant's stated reason for the adverse employment action was false; (2) evidence that defendant acted contrary to a written company policy proscribing the action to be taken under the circumstance; or (3) evidence that defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting plaintiff. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000). The relevant issue is not whether the stated reasons were wise, fair or correct, but whether defendant honestly believed in those reasons and acted in good faith.

*Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004). The court must "look at the facts as they appear to the person making the decision to terminate plaintiff." *Kendrick*, 220 F. 3d at 1231.

Smith maintains that Wal-Mart acted contrary to both written and unwritten policies, which she claims is evidence, in and of itself, that Wal-Mart's stated reason for Smith's termination is false or unworthy of belief. (Dkt. No. 81-3 - page 10). In this regard, Smith claims that Wal-Mart did not have the appropriate personnel conduct the investigation, arguing that this was a fraud or theft investigation and should have been conducted by loss prevention employees. (Dkt. No. 81-3 - page 12) Wal-Mart responds this was an integrity investigation, not one for loss prevention, and that the appropriate personnel conducted the investigation. (Dkt. No. 77 - page 5).

Internal disagreement over who should have investigated this incident does not constitute evidence of pretext. *Ingels v. Thiokol Corp.*, 42 F.3d 616, 623 (10th Cir. 1994) ("To the extent there is any inconsistency at all, it goes only to process and not to purpose or motivation, and could not provide a sufficient basis for a jury to find pretext for [retaliation]."). Smith's speculation regarding how Wal-Mart's policies should be applied is not proper summary judgment evidence and is insufficient to create a material issue of fact. *See Bones v. Honeywell Inter., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.").

Even if Wal-Mart violated its internal policy by having the store manager conduct this investigation, that is not the type of violation that demonstrates pretext. Wal-Mart did not offer the procedure as a reason for its ultimate decision to terminate Smith's employment. *Randle v. City of Aurora*, 69 F.3d 441, 454 (10th Cir. 1995) ("The city did not offer its procedures as a reason for its ultimate decision to promote Gilmore, rather than Randle . . . [t]he city promoted Gilmore because

she was the most qualified candidate . . . Randle has failed to show how the city discriminated against her by allegedly failing to follow its own posting procedures.")  The Tenth Circuit has held that policy deviations which go to form rather than substance of the termination do not demonstrate pretext.  The Tenth Circuit held that the defendant/employer's failure to follow company policies of (1) seeking employee response to a customer complaint, and (2) having station manager personally inform employee of termination, did not demonstrate pretext.  *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1119 (10th Cir. 2007).  The court held that the employer's failure to get the employee's side of the story did not constitute a 'disturbing procedural irregularity' sufficient to prove pretext.  *Id.* at 1119.  (*See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1220 (10th Cir. 2007).  The Tenth Circuit has also held that the plaintiff did not demonstrate pretext where "a company used a human resources 'tool' to evaluate employees at a time, or in a manner, other than that directed by its generic instruction." *Hinds v. Sprint/United Management*, 523 F.3d 1187, 1198 (10th Cir. 2008).  Wal-Mart's alleged deviation from its policy regarding who should have investigated Smith's conduct does not demonstrate pretext.

Smith also argues that the Wal-Mart employees who investigated her conduct had a strong financial incentive for preventing employees from filing workers compensation claims, and, therefore, the discharge must have been retaliatory.  Wal-Mart responds that every employer has a financial interest in preventing worker's compensation claims.  Smith cites no authority, nor has the court independently found any authority suggesting that an employer's financial incentive alone is evidence of retaliation.

Smith's next asserts that Wal-Mart should not be granted summary judgment because Wal-Mart "judicially admitted in two different forums that plaintiff did not engage in misconduct or

6

falsify either her injury or the report of her injury." (Dkt. No.81-3 - page 15). Wal-Mart posits that it never admitted that plaintiff did not engage in misconduct or falsify her injury or report of her injury. (Dkt. No. 89 - page 10). It does agree that the parties settled the plaintiff's workers' compensation claim. (Dkt. No. 89 - page 10). Wal-Mart cites Fed. R .Evid. 408 for the proposition that the transcript of the settlement hearing before the administrative law judge is not admissible for any purpose in this law suit. (Dkt. No. 89 - page 10). A plaintiff must present evidence opposing a motion for summary judgment that "the content or substance of the evidence must be admissible." *See Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995). Smith did not provide support for her assertion that she can use testimony from the administrative hearing as proof of Wal-Mart's admission. The Court agrees that the transcript of the settlement hearing is not admissible as an admission by Wal-Mart in this lawsuit. Fed.R.Civ.P. 56(e); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 n.11 (10th Cir. 1992) ("In opposing a motion for summary judgment, the nonmovant must make a showing that, 'if reduced to admissible evidence,' would be sufficient to carry the nonmovant's burden of proof at trial." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Plaintiff next argues that the timing of her discharge in relation to the workers compensation claim is further evidence of pretext. But this position also fails without additional support. "Temporal proximity is sufficient to establish the casual connection element of a prima facie case, but is not sufficient standing alone to raise a geniune issue of pretext." *Annett v. Univ. of Kans.*, 371 F.3d 1233, 1240 (10th Cir. 2004); *Pastran v. K-Mart Corp*, 210 F.3d 1201, 1206 (10th Cir. 2000). The temporal proximity between the discharge and the injury, by itself, does not create a triable issue for pretext. The plaintiff must show that the defendant's stated reason for firing the plaintiff

"was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1120 (10th Cir. 2001).

Smith's retaliation claim fails because she has been unable to establish a casual connection between her worker's compensation claim and her termination. Even if the court assumes Smith met her initial burden, her claim nonetheless fails because Wal-Mart had a legitimate, non-retaliatory reason for terminating her employment. Wal-Mart did not fire Smith on the mere suspicion of falsification, but investigated her story. As noted above, Wal-Mart supervisors: (1) reviewed statements taken from employees regarding Smith's statements prior to going into the security room on November 29, 2004; (2) reviewed the November 29, 2004, surveillance video of the security room; and (3) instructed other Wal-Mart employees to review the November 29, 2004, surveillance video of the security room. Wal-Mart did not terminate Smith until it completed investigating her November 29, 2004 report. After its investigation, Wal-Mart concluded that Smith had falsified the report and terminated her for that reason. There is no evidence suggesting Wal-Mart was motivated by any retaliatory intent.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2009, that the court grants Wal-Mart's motion for summary judgment for the reasons set forth herein.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE